# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| | * | |
| VERSUS | * | No. 08-089 |
| | * | |
| RECHARD YOUNG | * | SECTION "L" |

## ORDER & REASONS

Currently pending before the Court is Defendant Rechard Young's Motion to Correct Sentence under 28 U.S.C. § 2255, pursuant to *Johnson v. United States*. R. Doc. 36. The United States has filed a response. R. Doc. 44. The Court has reviewed the briefs, the record, and the relevant law, and now issues this Order and Reasons.

I.  **BACKGROUND**

This criminal case arises from an incident on December 14, 2007, in which Defendant Rechard Young was arrested and charged with possession of a firearm by a felon with multiple convictions in violation of Title 18 United States Code § 922(g)(1) and 924(a)(2). A decade earlier, Young was convicted of aggravated assault with a firearm in violation of Louisiana Revised Statues 14:37.2, and three counts of distribution of cocaine in violation of Louisiana Revised Statutes 40:967(A). The three drug charges were brought after an undercover police officer purchased crack cocaine from Defendant on October 31st, 1996 at 1:35 p.m., November 1st, 1996 at 2:18 p.m., and then, 27 minutes later, at 2:45 p.m. In August 2008, Young pled guilty without a plea agreement to a superseding bill of information in which the Government noted that Defendant "is subject to an enhanced sentenced under the Armed Career Criminal Act,

1

18 U.S.C. § 924(e)." Adopting the recommendations of the Presentence Report and finding that Young was a career criminal, this Court sentenced Defendant to an enhanced sentence of 180 months imprisonment.[1] Mr. Young did not file a direct appeal or any other motions until filing the current § 2255 motion on June 21, 2016.

## II. PRESENT MOTION

Pending before the Court is Young's § 2255 motion in which he urges the court to correct his enhanced sentence pursuant to the Supreme Court's 2015 decision in *Johnson*. R. Doc. 36. Filed within one year of *Johnson*, his motion appears timely. R. Doc. 36 at 2. Young argues that in light of *Johnson*, which deemed the Armed Career Criminal Act's residual clause unconstitutional, his prior conviction for aggravated assault does not qualify as a violent crime under Louisiana law. R. Doc. 36 at 3-4. Thus, Young contends that he no longer merits the designation of armed career criminal and therefore the enhancement to his sentence is unwarranted and should be corrected. R. Doc. 36 at 3-4.

The Government has filed an opposition, arguing that even in light of *Johnson*, Defendant's conviction for aggravated assault qualifies as a violent crime under the force clause of the Armed Criminal Career Act because violating the Louisiana Revised Statute 14:37.2 involves the use, attempted use, or threatened use of physical force against another person. R. Doc. 44 at 6-7. The Government further contends that even if aggravated assault with a firearm does not qualify as a violent felony, Young's designation as an armed career criminal is appropriate because his prior convictions for serious drug offenses occurred on three distinct occasions. R. Doc. 44 at 5.

---

[1] Once designated a career criminal, the ACCA imposes a mandatory minimum sentence of fifteen years for a felon-in-possession, in comparison to the ten-year maximum that otherwise accompanies such a conviction.

## III. LAW AND ANALYSIS

### A. Relief Under § 2255

Habeas relief is appropriate under § 2255 where a federal prisoner asserts that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Upon a finding that any of the four grounds for relief exist, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### B. Sentencing Enhancements Pursuant to the Armed Criminal Career Act in Light of *Johnson*.

The Armed Criminal Career Act imposes a mandatory minimum sentence of fifteen years of imprisonment for defendants convicted of being felons in possession of a firearm if they have previously been convicted of at least three violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Without the sentencing enhancement, a felon-in-possession may be sentenced to a maximum penalty of 10 years. 18 U.S.C. § 924(a)(2). The ACCA defines a violent felony as a crime punishable by a minimum of one year that—

i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause]; or
ii) is burglary, arson, or extortion, involves use of explosives [the enumerated clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause]. 18. U.S.C. § 924(e)(2)(B).

In *Johnson v. United States*, the Supreme Court declared that the residual clause of the ACCA was unconstitutionally vague. 135 S.Ct. 2551, 2557 (2015). The Court voided the clause on the grounds that it provided inadequate notice to potential defendants about what conduct was

3

punishable and "invite[d] arbitrary enforcement." *Id.* The outcome of *Johnson*, however, did not affect the application of the force clause or the enumerated clause as means of defining violent crime. *Id.* at 2563. The *Johnson* rule was made retroactive in *Welch v. United States*. 136 S.Ct. 1257 (2016). Thus, after *Johnson* and *Welch*, a federal prisoner may collaterally attack his or her sentence with a § 2255 motion if it was imposed pursuant to the unconstitutional residual clause of § 924(e)(2)(b).

### C. Application of the Armed Career Criminal Act

To determine whether a prior conviction counts as a predicate offense under the ACCA, courts use a categorical approach that focuses on the elements of the criminalizing statute rather than the actual conduct that lead to conviction. *Taylor v. United States*, 495 U.S. 575, 2143 (1990). A state crime constitutes a predicate offense under the ACCA if its elements are the same as or narrower than the generic definition of a violent crime under either the force clause or enumerated clause of the ACCA. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If a state statute is indivisible such that its elements define a single crime, and the conduct the statute criminalizes is broader than the ACCA definition, a conviction for that crime may not be the grounds for an enhanced sentence. *Id*. at 2248-49. In contrast, if the conduct is broader but the statute is divisible, meaning that the elements are listed in the alternative and therefore define multiple crimes, the sentencing court may use a "modified categorical approach" to determine what specific conduct lead to the defendant's conviction. *Descamps v. United States,* 133 S. Ct. 2276 (2013).

This issue in this case is whether Young's conviction for aggravated assault with a firearm constitutes a violent felony under the ACCA's force clause. Young argues that it does not, because the state statute does not necessarily require the intentional use, attempted use, or threatened use of physical force against the person of another. R. Doc. 36. In particular, Young

4

concludes that the state statute is greater in scope than the force clause because a defendant can violate it by negligent or reckless, rather than intentional or knowing, conduct. R. Doc. 36 at 5. In opposition, the government argues that Young was appropriately sentenced pursuant to the ACCA because aggravated assault with a firearm includes the requisite elements of a violent felony pursuant to the force clause of the ACCA. R. Doc. 44. The government contends that even without his aggravated assault conviction, his three drug convictions are enough to subject him to an enhanced sentenced. R. Doc. 44 at 5. In order to grant Young's motion, this Court would have to find that his prior convictions for drug trafficking constitute no more than two offenses *and* that aggravated assault with a firearm is not a violent felony under Louisiana law. The Court will address both of these issues in turn.

> *i.    Young's prior convictions for the distribution of cocaine constitute two serious drug offenses.*

As this Court previously determined, at least two of Young's convictions for distribution of cocaine were separate offenses. The ACCA requires that the serious drug offenses be "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The Seventh Circuit has held that in order to determine if multiple crimes were committed on separate occasions, a sentencing court must consider the nature of the crime, the identities of the victims, and relevant the locations. *See United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000); *United States v. Hudspeth*, 42 F.3d 1015, 1019 (7th Cir. 1994). Applying this holding, the Fifth Circuit has emphasized that to constitute separate offenses, the incidents must be "distinct in time" such that the offender had time to cease and desist the criminal activity. *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006); *United States v. Ressler*, 54 F.3d 257, 260 (5th Cir. 1995). In this case, Young sold crack cocaine to an undercover police officer on three occasions over the course of two days. The first sale occurred on October 31, 1996 at 1:35 p.m. The second sale

occurred on November 1, 1996 at 2:18 p.m. The third sale occurred at the same location, at 2:45 p.m. Even assuming that the second and third transactions which occurred only 27 minutes apart constitute a single transaction, Young had ample time between the first and second transactions, which occurred on different days, to withdraw from his criminal activity. Therefore, Young's three prior drug convictions constitute at minimum two serious drug offenses for the purposes of the ACCA.

    ii.  *Young's prior conviction for aggravated assault with a firearm constitutes a violent felony.*

Because Young was convicted of a minimum of two serious drug offenses, his grounds for post-conviction relief rest on whether his conviction for aggravated assault with a firearm constitutes a violent felony. That offense is not one of the enumerated offenses contained in § 924(e)(2). Because the residual clause has been deemed void for vagueness, to qualify as a violent crime, aggravated assault with a firearm must fall under the force clause of the ACCA. For the force clause to apply, the Louisiana statute under which Young was convicted must contain "as an element, the use, attempted use, or threatened use of physical force against the person of another." Because the aggravated assault statute is indivisible, this Court employs the categorical approach set out in *Taylor* to determine whether it is a "crime of violence." *United States v. Herrera-Alvarez*, 753 F.3d 132, 134 (5th Cir. 2014). Under that approach, the Court must consider whether all possible conduct covered by the statute, including the most innocent conduct, falls within the scope of the violent felony definition. See *id.*; see also *United States v. Fish*, 758 F.3d 1, 5 (1st Cir. 2014) (noting that a sentencing court must consider "whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a crime of violence") (internal citation and quotation marks omitted). If the statute penalizes any conduct that would not constitute a violent felony, the entire statute fails as a whole. *Herrera-Alvarez*, 753 F.3d at 134-35.

6

When Young was convicted, Louisiana Revised Statute 14:37.2 stated "aggravated assault with a firearm is an assault committed by the discharge of a firearm as the dangerous weapon." "Assault" is defined as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery." La. R.S. 14:36 (1995). "Battery" constitutes "the intentional use of force or violence upon the person of another…" La. R.S. 14:33 (1995). By incorporating the statutory definitions of "assault" and "battery," the Louisiana aggravated assault statute satisfies the requisite elements of the ACCA force clause. Read together, Louisiana Revised Statute 14:37:2 criminalizes the use of a dangerous weapon in an attempt to intentionally use force or violence upon the person of another, or intentionally put another in reasonable apprehension of receiving the intentional use of force or violence. Therefore, the Louisiana statute falls squarely on the shoulders of the ACCA's force clause, which prohibits the use, attempted use, or threatened use of physical force against another person.

Physical force is "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Many courts outside this circuit have declared that brandishing a firearm clearly constitutes the use of physical force because the harm threatened by the presence of a deadly weapon is far more violent than other methods of physical contact. *See United States v. Whindleton,* 797 F.3d 105, 114 (1st Cir. 2015) (finding that "the element of a dangerous weapon imports the 'violent force' required by *Johnson* into the otherwise overbroad simple assault statute."); *United States v. Rede-Mendez*, 680 F.3d 552, 558 (6th Cir. 2012) ("the use of a deadly weapon may transform a lesser degree of force into the necessary "violent force'"); *United States v. Ramon Silva*, 608 F.3d 664, 672 (10th Cir. 2010) ("Purposefully threatening or engaging in menacing conduct toward a victim, with a weapon capable of causing death or great bodily harm, threatens the use of "force capable of causing

7

physical pain or injury. . .'"). As the court noted in *United States v. Moore*, "it is difficult to argue . . . that a defendant pointing a gun at a victim during the commission of a robbery has not used, attempted to use, or threatened the use of violent force even if the defendant does not say "'I'm threatening to shoot you.'" 203 F. Supp.3d 854, 860 (N.D. Ohio 2016). While an assault may occur without the use of violent force, for example by running up to a person and jostling their shoulder, it is not possible to commit aggravated assault with a deadly weapon without using, or placing the victim in imminent apprehension of violent force because the act itself requires the use of an instrument that is implicitly capable of causing serious pain or injury. In fact, firearms are designed for the very purpose of "endanger[ing] the life of or inflict[ing] great bodily harm on a person." *United States v. Taylor*, 848 F. 3d 476, 493 (1st Cir. 2017) (citing *United States v. Sanchez*, 914 F.2d 1355, 1358 (9th Cir. 1990)).

For particular conduct to constitute a violent felony, the state statute cannot capture such a wide range of conduct that one instance is a violent crime and the other is non-violent. For example, in *United States v. Parnell*, the Ninth Circuit found that the Massachusetts armed robbery statute was not a predicate offense, even though it required the possession of a weapon, because it did not require that the victim be aware of the weapon's presence and thus did not implicate the requisite level of physical force. 818 F.3d 974 (9th Cir. 2016). Similarly in *United States v. Dominguez-Maroyoqui*, the Ninth Circuit found that assaulting a federal officer was not a crime of violence because the statute could be violated by minimally alarming conduct, such as jostling an officer's arm or grabbing his jacket. 748 F.3d 918 (9th Cir. 2014). *See also United States v. Flores-Cordero*, 723 F.3d 1085 (9th Cir. 2013) (holding that resisting arrest is not a crime of violence because it captured conduct such as a minor scuffle and therefore did not reach the amount of force required). In the instant case, however, the Louisiana aggravated assault statute captures

the same, if not less, conduct than is permitted by the force clause because brandishing a deadly weapon is inherently a violent activity.

Defendant also argues that the ACCA's inclusion of the word "use" means that an actor must have the intent to utilize physical force. Thus, Young contends that because aggravated assault with a firearm can be effected by recklessly or indiscriminately discharging a firearm under Louisiana law, the statute is too broad to qualify as a violent crime under the ACCA. However, in *Voisine v. United States*, the Supreme Court noted that "the word 'use' is indifferent as to whether the actor has the mental state of intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct." 136 S. Ct. 2272, 2279 (2016). Rather than require intent to cause a particularly harmful outcome, the force clause merely requires that an actor actually use, attempt to use, or threaten to use physical force. Therefore, although the presence of a gun may not alone be enough to constitute aggravated assault, the Louisiana statute criminalizes the "discharge of a firearm as a deadly weapon." La. R.S. 14:37(2). Firing a gun in the presence of another person, whether intentional or reckless, clearly constitutes the use, attempted use, or threatened use of a violent, physical force.

Finally, while the Fifth Circuit has not yet determined whether Louisiana Revised Statute 14:37.2 is a crime covered by the force clause, district courts within the Fifth Circuit have indicated that aggravated assault constitutes a crime of violence. *See Hollins v. United States*, No. 11-143, 2016 WL 6769026, at *4 (N.D. Miss. Nov. 15, 2016) (noting that the "portion of the statute under which [Defendant] was indicted and convicted requires as an element the use of physical force, and therefore, his aggravated assault conviction qualifies as a crime of violence."); *Lott v. Miller*, No. 05-6046, 2008 WL 4889650, at *9 (E.D. La. Nov. 3, 2008) (noting that

defendant "had several arrest for violent crimes against persons, including aggravated assault.").[2]

Thus, under the language of the statute, the Court finds that Young's conviction of aggravated assault with a firearm is a violent felony under the force clause of the ACCA. This conviction, combined with his two previous drug convictions, subjects Young to an enhanced sentence under the Armed Criminal Career Act.

IV. **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendants Motion to Correct Sentence under 28 U.S.C. § 2255 pursuant to *Johnson*, is hereby **DENIED**.

New Orleans, Louisiana, this 21st day of August, 2017.

_____
UNITED STATES DISTRICT COURT JUDGE

---

[2] Other courts have also found that statutes similar to the Louisiana Revised Statute 14:37.2 qualify as predicate offenses for ACCA purposes because they contain elements requiring the use, attempted use, or threatened use of force. *See United States v. Schaffer*, 818 F.3d 796 (8th Cir. 2016) (Minnesota domestic assault); *United States v. Am*, 556 F.3d 25 (1st Cir. 2009) (Massachusetts assault by means of a dangerous weapon); *United States v. Barclay*, No. 13-003, 2016 WL 3753088 (N.D. Ohio July 11, 2016) (Ohio aggravated assault).